UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE & CASUALTY
COMPANY,

        Plaintiff,

v.                                                Civ. No. 03-590 JH/WDS

DEBORAH RITTER, ALL NEW, INC.,
and ZURICH SPECIALTIES LONDON, LTD.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Deborah Ritter's Motion to Dismiss. (Docket No. 44). For the following reasons, the Court finds that the motion should be denied.

In its Amended Complaint For Property Damage (Docket No. 35), the Plaintiff alleges that Defendants Ritter, All New, Inc., "and/or their agents and employees negligently or otherwise caused a fire to the Bergmans' property..." Amended Complaint at ¶ 7. Plaintiff also alleges that "All New, Inc. was performing its work either directly or indirectly by Defendant Ritter or other subagent ..." Id. at ¶ 8. Finally, Plaintiff has alleged that Defendant Ritter, All New, Inc., and its agents and employees negligently, wilfully, intentionally, or otherwise started a fire..." Id. at ¶ 9.

In her motion to dismiss, Defendant Ritter concedes that in the Amended Complaint, Plaintiff is suing her in her individual capacity. However, Defendant Ritter argues that all of her actions with regard to the property at issue in this case were taken in the course and scope of her employment with All New, Inc. Defendant Ritter further argues that as the sole shareholder and employee of All New, Inc., she is not liable for the negligence of the corporation unless Plaintiff pleads and proves that the

Court should pierce the corporate veil.

The New Mexico Court of Appeals set forth the law in this state as it relates to the individual liability of corporate agents:

> It is a basic tenet of corporate law that a corporation is a legal entity, separate from its shareholders, directors, and officers. Thus, the shareholders, directors and officers are not personally liable for the acts and obligations of the corporation. Corporate directors cannot be held vicariously liable for the corporation's torts merely by virtue of the office they hold. *However, if an officer or director directs or actively participates in the commission of the tortious act of the corporation, he will be liable, along with the corporation. Thus, if the officer or director directed, controlled, approved or ratified the activity that led to the injury, he or she can be held personally liable.*

*Stinson v. Berry*, 1997-NMCA-076 ¶ 17, 123 N.M. 482, 943 P.2d 129 (internal citations omitted) (emphasis added). Under the foregoing standard, the Plaintiff's Amended Complaint contains sufficient allegations to put Defendant Ritter on notice that she is being sued for her own negligence and therefore is sufficient to survive a motion to dismiss.

Further, Plaintiff's argument regarding the piercing of the corporate veil also fails as a matter of law. In New Mexico, "the three requirements for piercing the corporate veil are: (1) instrumentality or domination; (2) improper purpose; and (3) proximate cause." *Garcia v. Coffman*, 1997-NMCA-092 ¶ 10, 124 N.M. 12, 946 P.2d 216. Evaluation of these factors requires the Court to consider matters outside the pleadings, something the Court may not do on a motion to dismiss. Plaintiff's memorandum brief in support of its motion to dismiss contains only argument regarding these factors. *See, e.g.*, Memorandum Brief at p. 3 ("There is no evidence in this case that the All New, Inc. was simply an alter ego for Deborah Ritter or that it was created or functioned for any other improper purpose."); id. at p. 4 ("There is absolutely no evidence of fraud or other improper

purpose...").  However, the Court cannot properly evaluate these assertions on a motion to dismiss. This is an issue more appropriate for determination on a motion for summary judgment.

    IT IS THEREFORE ORDERED that Defendant Deborah Ritter's Motion to Dismiss. (Docket No. 44) is DENIED.

_____
UNITED STATES DISTRICT JUDGE