IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STATE FARM FIRE AND CASUALTY COMPANY,**
        **Plaintiff(s),**

  vs.                                              **CIVIL NO.03-590 WDS/ACT**

**DEBORAH RITTER and ALL NEW, INC.**
        **Defendant(s)**

**DEBORAH RITTER and THE ALL NEW, INC.,**
**a New Mexico corporation,**
        **Third Party Plaintiffs,**

v.

**RAUL SERGIO AVILA, JOSEPH FEYAS**
**and JOHN DOES 1-5**
        **Third Party Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants and Third Party Defendants' Motion for Summary Judgment based on the Inadmissibility of Plaintiff's Expert Testimony or for a Daubert Hearing (Docket No. 60). Plaintiff's expert, Charles Ray, has opined that the origin and cause of the fire at issue in this case was spontaneous combustion of some oily rags left by workmen under a porch. Defendants' main objection to the testimony of Mr. Ray is his lack of scientific expertise to explain the chemical processes involved in spontaneous combustion.

The evidence presented to the Court convinces the Court that Mr. Ray is qualified by education, training and experience to render expert opinions on the cause and origin of fires. The evidence supporting this finding is well set out in Plaintiff's response brief and in Mr. Ray's

curriculum vitae attached to the response.  He has over 20 years experience, has investigated over 1000 fires, and is a certified fire investigator.  He has attended numerous courses seminars in the field.  From the evidence submitted it appears that Mr. Ray's investigation was consistent with standard practices in fire investigations.  It involved visiting the site,  interviewing fire department personnel, interviewing workers from the site of the fire, and elimination of other causes of the fire.  While it may be true that he does not have the expertise to explain the chemical processes involved in spontaneous combustion, spontaneous combustion is a well accepted cause of fires.  Mr. Ray's inability to explain the processes goes to the weight of his testimony, not its admissibility.

In the Court's opinion Mr. Ray is qualified to give an opinion in this case on the cause and origin of the fire in question.  It is also the opinion of the Court that such an opinion would be helpful to the trier of fact.  In light of the above, the Court does not find that a evidentiary hearing is necessary on the Daubert issue.

IT IS THEREFORE ORDERED  that Defendants and Third Party Defendants' Motion for Summary Judgment based on the Inadmissibility of Plaintiff's Expert Testimony or for a Daubert Hearing (Docket No. 60) is denied.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**