IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STATE FARM FIRE AND CASUALTY COMPANY,**
        **Plaintiff(s),**

  vs.                                                                    **CIVIL NO.03-590 WDS/ACT**

**DEBORAH RITTER and ALL NEW, INC.**
        **Defendant(s)**

**DEBORAH RITTER and THE ALL NEW, INC.,**
**a New Mexico corporation,**
        **Third Party Plaintiffs,**

v.

**RAUL SERGIO AVILA, JOSEPH FEYAS**
**and JOHN DOES 1-5**
        **Third Party Defendants.**

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Plaintiff's Motion for Permission to File Sur Reply or in the alternative Plaintiff's Motion to Supplement Their Response Briefs (Docket No. 85). Plaintiff's need for a sur reply or a supplement to their response brief is, in fact, solely to offer additional expert testimony after the period for identifying experts has passed. Defendants and Third Party Defendants oppose the motion on that basis.

      An issue was raised in the underlying summary judgment motion as to the qualifications of Plaintiff's expert, specifically with respect to his ability to explain the chemical processes involved in spontaneous combustion. In response, Plaintiff now seeks to supplement his evidence with an additional expert who can speak to the chemical processes and to whether the oily rags in this

case had chemicals which could spontaneously combust.  This expert bolsters the original expert's opinion on the cause of the fire, but does not purport to give a comprehensive opinion on the cause and origin of the fire at issue in this case.  Defendants make procedural objections to Plaintiff's attempts to file a sur reply or to supplement, but their main objection is to the addition of an expert during the summary judgment process.

In looking at whether to allow the addition of experts after the IPTR deadlines have passed the court looks to prejudice and surprise to the opponent, the ability to cure the prejudice, the extent to which the allowance of the witness would disrupt the orderly and efficient trial of the case, and finally, the bad faith or willfulness of the movant.  See *Koch v. Koch Industries, Inc.,* 203 F.3d 1202 (10th Cir. 2000).   Applying this standard to instant case the Court finds that there is prejudice to the Defendants which cannot be cured.  The purpose of setting deadlines is to allow for the orderly conduct of pre-trial activities.  To allow additional experts solely because one's original expert's opinion has been challenged in a summary judgment motion is prejudicial.  The fact that the opposition can depose the new witness and get additional witnesses themselves does not cure that prejudice.  As noted, the case deadlines are to allow for an orderly progression of the case, which is thwarted if additions can be made solely on the basis urged in this case.  The Court does not find any bad faith.  The Court also notes that the additional expert does not give an ultimate opinion on the cause of the fire, but rather bolsters the opinion of the existing expert.  The Court does not find that such narrow expert testimony would be helpful to the jury in this case.

Based upon the above, the Court does not find that the addition of an additional expert witness is justified, thus no sur reply or supplement to the summary judgment is needed.

IT IS THEREFORE ORDERED  that Plaintiff's Motion for Permission to File Sur Reply

or in the alternative Plaintiff's Motion to Supplement Their Response Briefs (Docket No. 85) is denied.

　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　**W. DANIEL SCHNEIDER**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**